**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Bayne, | No. CV-17-0705-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States Internal Revenue Service, et al., | |
| Defendants. | |

Plaintiff filed a complaint against Defendants on February 6, 2017, in Maricopa County Superior Court. Defendants removed the case to this Court under 28 U.S.C. §§ 1441 and 1442(a)(1). Defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. Doc. 6. Plaintiff filed no response to the motion within the time require by the relevant rules, and the Court accordingly entered an order advising Plaintiff of his obligation to respond and giving him until June 26, 2017, to do so. Doc. 10. The Court specifically warned Plaintiff that his claims would be dismissed if he failed to respond to the motion. *Id.*

Plaintiff has not responded to the motion. In addition, Plaintiff refused to participate in preparation of a Rule 26(f) report as ordered by the Court, and failed to appear at the case management conference on June 28, 2017, despite receiving two emails and a phone message from defense counsel reminding him of his obligation to participate and appear. Docs. 11, 12. The Court's staff also made efforts to remind Plaintiff of his obligations, but he failed to respond.

Correspondence from Plaintiff shows that he has been well aware of his obligations in this case and has chosen to disregard them. In a letter to defense counsel dated June 16, 2017, Plaintiff attached a copy of the Court's order requiring him to respond to the motion to dismiss, with the June 26, 2017 response deadline circled. Doc. 14-1 at 2. In a letter dated June 6, 2017, Plaintiff stated that he would not appear in Court on June 28, 2017 – the day of the case management conference – because the Court has no jurisdiction over an "American National," the IRS actions at issue in this case are unlawful, and the Court "is wasting my time with these inappropriate actions hindering my recovery of personal assets." *Id.* at 7.

Rule 41(b) authorizes the Court to dismiss a case when the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is appropriate: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Id*. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Considering this five-factor test, the Court concludes that dismissal is appropriate. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendants will be prejudiced if a sanction of dismissal is not imposed and this case continues to languish due to Plaintiff's non-cooperation and defiance of court orders. The Court specifically warned Plaintiff that his claims would be dismissed if he refused to respond to Defendants' motion, and Plaintiff refused. Alternative measures have not

succeeded. The Court *sua sponte* extended the time for Plaintiff to respond to the motion to dismiss, advised him of his obligations to comply, and warned of dismissal if he failed to follow the Court's order. Doc. 10. The Court's staff attempted to contact Plaintiff to help him participate in the case management conference. Defense counsel attempted repeatedly to contact Plaintiff to encourage his participation. Despite these efforts, Plaintiff continues to insist that the Court lacks jurisdiction over his case, that the IRS is not a government agency, and that he is an entity not subject to jurisdiction. Doc. 14. The Court concludes that dismissal is warranted.

**IT IS ORDERED** that Plaintiff's case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is directed to terminate this action.

Dated this 10th day of July, 2017.

_____
David G. Campbell
United States District Judge